# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| BENJAMIN BEKKER, | ) | 3:17-CV-0202-HDM-VPC |
| | ) | |
| Plaintiff, | ) | **ORDER SETTING CASE** |
| | ) | **MANAGEMENT CONFERENCE** |
| vs. | ) | |
| | ) | DATE: August 29, 2017 |
| CHARTER COMMUNICATIONS LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE
DEPUTY CLERK:       LISA MANN        REPORTER: NONE APPEARING
COUNSEL FOR PLAINTIFF(S): NONE APPEARING
COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Pursuant to Fed.R.Civ.P. 16 and Local Rule ("LR") 16-2, a case management conference shall be set before United States Magistrate Judge Valerie P. Cooke as the court concludes that a Rule 16 case management conference will assist the parties, counsel, and the court.

A case management conference is set before this Court on **Thursday, September 14, 2017** at **2:30 p.m.** Out-of-state counsel shall be allowed to appear telephonically for this hearing and shall dial **877-336-1829** at least five (5) minutes prior to the hearing to be properly connected into the courtroom. The **access code** is **2809752** and the **security code** is **17202**.

In preparation for this case management conference, it is hereby ordered as follows:

**A.      Case Management Report**

The parties shall jointly file a case management report with the Clerk of Court not less than **seven (7) court days** prior to the case management conference. The case management report shall not exceed **ten (10) pages**. It is the responsibility of plaintiff(s) to initiate and prepare the joint case management report, and it is the responsibility of the defendant(s) to assist in preparation of the case management report.

The parties shall submit a joint case management report to include the following information in separately numbered paragraphs:

    1.      A short statement of the nature of the case (three pages or less), including a description of each claim and defense;

    2.      A description of the principal factual and legal disputes in the case;

3.      The jurisdictional bases for the case, citing specific jurisdictional statutes;[1]

4.      Any parties who have not been served and an explanation why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

5.      A statement whether any party expects to add additional parties to the case or otherwise amend the pleadings (the court will set a deadline to join parties or amend pleadings at the case management conference);

6.      A list of contemplated motions and a statement of issues to be decided by these motions;

7.      Whether there are any pending motions that may affect the parties' abilities to comply with a case management order, including a brief description of those motions;

8.      The status of related cases pending before other courts or other judges of this court;

9.      Any further supplemental discussion of necessary discovery, including:

        a.      The extent, nature, and location of discovery anticipated by the parties;

        b.      Suggested revisions, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LR 26(1)(b);

        c.      The number of hours permitted for each deposition, unless extended by the parties.

10.     A discussion of any issues relating to the disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (*see* Fed. R. Civ. P. 16(b)(3)(B)(iii), 26(f)(3)(C); and 33(d)).

11.     A discussion of any issues related to claims of privilege or work product (*see* Fed. R. Civ. P. 16(b)(3)(B)(iv) and 26(f)(3)(D));

12.     Unless the discovery plan and scheduling order otherwise provide and the court so orders, the parties' Fed. R. Civ. P. 26(a)(3) disclosures and objections thereto;

---

[1]If jurisdiction is based on diversity, the basis shall include a statement of the citizenship of every party and the amount in dispute. *See* e.g. U.S.C. § 1332.  The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships, limited liability companies, and real estate investment trusts are citizens of every state in which one of their members or partners resides. *See* 28 U.S.C. § 1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012 (2016).

13.    In the event the Court has not already approved a discovery plan and scheduling order, the parties shall include proposed dates for each of the following pursuant to Local Rule 26-1:

   a.    A deadline for the completion of discovery (*see* LR 26-1(b)(1));

   b.    A deadline for amending the pleadings and adding parties (*see* LR 26-1(b)(2));

   c.    Dates for complete disclosure of expert testimony (*see* Fed.R.Civ.P. 26-1(a)(2)(A)-(C) and LR 26-1(b)(3));

   d.    A deadline for the filing of dispositive motions (*see* LR 26-1(b)(4)); and

   e.    A date by which the parties will file the joint pretrial order (*see* LR 26-1(b)(5)).

   The parties shall state whether the dates proposed in ¶ 13 are within the deadlines specified in LR 26-1(e). If so, then the parties' report shall state, "THE DEADLINES SUBMITTED HEREIN ARE IN COMPLIANCE WITH LR 26-1(b)."  If longer deadlines are sought, the parties' report shall state "SPECIAL SCHEDULING REVIEW REQUESTED." If the parties request special scheduling review of the LR 26-1(b) deadlines, the parties shall include a statement of the reasons why longer or different time periods should apply to the case.  If the parties disagree as to the LR 26-1(b) deadlines, a statement of each party's position on each point of dispute should be provided.

14.    If this is a patent case, the parties shall review the Local Patent Rules LPR 1-1 through 1-23 and include proposed dates for all required disclosures, statements, and claim construction briefing pursuant to the attached chart;

15.    The parties must certify that they met conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation (LR 26-1(b)(7).  The parties shall include the prospects for settlement, including any request of the court for assistance in settlement efforts;

16.    Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth reasons).  The estimated length of trial and any suggestions for shortening the trial.  The parties must certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01) (LR 26-1(b)(8);

17.    Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Fed. R. Civ. P. 1 and LR 1.  Counsel for all parties are expected to comply fully with the Federal Rules of Civil Procedure and this court's Local Rules to minimize the expense of discovery.

### B.     Case Management Conference and Order

The court directs counsel to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the case management conference.  Counsel who appear at the case management conference shall have authority to enter into stipulations regarding all matters that may be discussed.

### C.     Interim Status Report

Not later than sixty (60) days before the discovery cut-off, the parties shall submit an interim status report providing the Court with any updated information with respect to the matters addressed in their case management report and which complies with LR 26-3.

*optional:*

### D.     28 U.S.C. § 636(c): Availability of Magistrate Judge

Pursuant to Local Rule IB 2-2, the parties have been notified of the availability of the Magistrate Judge to conduct any or all proceedings in the case on the consent of the parties.  28 USC § 636(c).  A form to be used for consent to proceed before the Magistrate Judge may be found on the Court's website, www.nvd.uscourts.gov/Forms.aspx  (AO 85, "Notice of Availability of a U.S. Magistrate Judge).  Consent forms should NOT be electronically filed.  Upon consent of all parties, counsel are advised to manually file the form with the Clerk's Office.

The Clerk of Court shall serve copies of this order to all counsel of record and to any parties appearing *in propria persona*.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By:_____/s/_____
       Lisa Mann, Deputy Clerk

**TO BE USED FOR PATENT CASES ONLY**

| EVENT | DATE |
|---|---|
| Initial disclosure of asserted claims and infringement contentions pursuant to Local Patent Rule 1-6 | |
| Documents accompanying initial disclosure of asserted claims and infringement contentions pursuant to LPR 1-7 | |
| Initial disclosure of non-infringement, invalidity and unenforceability contentions pursuant to LPR 1-8 | |
| Produce documents accompanying initial disclosure of invalidity contentions pursuant to LPR 1-9 | |
| Response to initial non-infringement, invalidity and unenforceability contentions pursuant to LPR 1-10 | |
| Document production to be substantially completed by all parties | |
| Pre-Claim Construction Settlement Conference pursuant to LPR 1-19(a) | TBA by Court |
| Exchange of proposed terms for claim construction pursuant to LPR 1-13 | |
| Motions to amend pleadings or add parties due | |
| Exchange of preliminary claim constructions and extrinsic evidence pursuant to LPR 1-14 | |
| Interim Status Report pursuant to Local Rule 26-3 | |
| Joint Claim Construction and Prehearing Statement to be submitted pursuant to LPR 1-15 | |
| Close of fact discovery, including third-party discovery | |
| Opening claim construction brief pursuant to | |

| | |
|---|---|
| LPR 1-16 | |
| Responsive claim construction brief pursuant to LPR 1-16 | |
| Reply claim construction brief pursuant to LPR 1-16 | |
| *Markman* hearing | TBA by Court |
| Post-Claim Construction Order Settlement Conference pursuant to LPR 1-19(b) | TBA by Court |
| Expert disclosures under Fed.R.Civ.P. 26(a) due | |
| Completion of expert depositions | |
| Dispositive motions due | |
| Motions *in limine* due | |
| Joint Pretial Order due | |
| Pretrial Settlement Conference pursuant to LPR 1-19(c) | TBA by Court |
| Calendar Call | TBA by Court |
| Trial | TBA by Court |